and that is Case Number 4-110-427 for the appellant, Tom Plura, and for the appellee, Brent Hayden. Please proceed. Thank you, counsel, your honors. My name is Tom Plura. This is a relatively simple case. It is a contract case. It's a contract case with no contract. There's no written contract and there's no oral contract. We have consistently challenged that issue from the start. Even in our answer, we filed a motion to strike, Count 3, because there's been no contract attached to the complaint as required by the rules. Why do you care about the contract between Carl Plenick and H & R Accounts? No, I'm talking about there's no contract between Mr. Kinney and either Carl or anybody on behalf of Carl. That's the contract that I'm talking about. They've alleged that there's a contract and they've alleged that from the start that Mr. Kinney had a signed written agreement. In fact, several places, even in the trial court, they said there's been testimony that there was a signed agreement between Mr. Kinney and Carl Plenick. You aren't just saying that Mr. Kinney doesn't owe the money to H & R Accounts. You're saying he doesn't owe the money to Carl Plenick. That's correct. Did Carl Plenick provide treatment? Yes, they did. How do you get medical treatment without paying for it? You have an insurance policy that you agree to certain terms with and then Carl Plenick bills your insurance company and they get paid. There's testimony that Carl Plenick did get paid by Blue Cross Blue Shield. What Carl Plenick wants is they want to receive the Blue Cross Blue Shield money and in addition they want to bill Mr. Kinney above and beyond that based on what they have testified to is a signed contract between them and Blue Cross and signed by Mr. Kinney that allowed Carl to do this. Yet they haven't come forth with that contract and they haven't ever presented that. Now we've asked for it. We've asked for it multiple times. And that's throughout the trial transcript. And our argument is it's not our job to prove that there isn't a contract under the law. They have to bring forth that signed written agreement and show that Mr. Kinney... A hospital or a doctor can't charge anything beyond what insurance? No. I'm just arguing that there's no contract. A written contract? What? You're saying there has to be a written contract to charge more than what insurance covers? I'm saying that if there is a written contract between the parties, if there is and they've testified that there is a written contract between Mr. Kinney and Carl, then they, to proceed as a matter of law, they have to bring forth this written contract and then we have to know what the terms of the contract are. Because the terms of that contract may have been Mr. Kinney allows them to bill his insurance company and that is all they're going to get. And Carl waives any additional portion or any additional claim. You know, I'm looking at your brief here. Plaintiff lacked standing to bring action on assignment. This is a breach of contract action over defendant's failure to pay. However, plaintiff is not a medical provider and had no direct contractual relationship with defendant. Well, and that's... I thought you were saying that H&R account... No, that's a different, that's the second part of this. The assignment... That is your argument, huh? No, that's one of our arguments. We should just... That is one of your arguments. Yes, Your Honor. One of our arguments is that Ms. Gaskin was not authorized on behalf of Carl Clinic to assign this to H&R accounts. That's one thing. But the real crux to that, getting past that, the crux is that Mr. Kinney, if he had a signed written contract, then Carl has to present that and show us what the terms of that contract were with Mr. Kinney. Now, they've never done that. Now, they testified in open court that they had it. And the court even said, the court said that there's sufficient evidence to establish that the contract existed. The court said a copy of a signed authorization, signed by Mr. Kinney, authorizing Carl to build the hospital or the services to the insurance provider, that existed. But they didn't bring that forward. Now, it's not our job to prove that it doesn't exist. If such a signed agreement exists... I'm looking at your brief again. Nowhere in plaintiff's case did plaintiff offer testimony to prove contract formation. Plaintiff was obligated to show an offer and acceptance. Yes. When your client goes into the hospital and asks for treatment, isn't that an offer and acceptance? There's no testimony anywhere in the record that my client went in and asked for treatment. Nowhere. Don't you deny that your client was treated? I do not. The client definitely went in and received treatment. But there's no testimony in the record that said anything about what Mr. Kinney wanted or what he said. And on this issue of an oral contract, there wasn't any testimony at all in the court what Mr. Kinney agreed to, orally or otherwise. And there's certainly nothing about a written agreement. Now, if they want to allege an oral contract, which they didn't do, which they didn't do, they did not in the court. They were proceeding under a written contract. And again, there's plenty of testimony in here that they said they had a signed agreement from Mr. Kinney. But if we want to switch and jump off that horse and get on an oral contract, then what were the terms of the oral contract and when were they made? But there's no testimony anywhere. There's clearly testimony. We don't deny that he received services. None. We don't deny that at all. But we do deny any suggestion that Mr. Kinney agreed orally or in writing to any set terms of any agreement because there's no testimony to that effect. On this quantum meridian argument, that just showed up here in the appellate court. That was not pled. It was not proven. It was not in any way part of the complaint. So we really don't even need to address that here because you can't bring it up the first time in the appellate court when that wasn't ever an argument made in the trial court. So this is interesting to sit before your last case, but they had to plead that and they had to prove that. With regards to an implied contract, the case law is pretty clear. If there is a written contract, which plaintiff says that there is, but they didn't bring it in, then all this business about an implied contract or quantum meridian is unnecessary. We just need to see the written contract. I guess if there is a contract, then I would ask what are the terms of that contract? If there's a written contract, what are the terms? If there's an oral contract, what were the terms? How about we will treat you and you will pay us the cost of the services provided? That may have been it, but we don't know because that's not in the record. I think that could have been a contract if that was in the record somewhere, but we just don't know because the plaintiff didn't allege that, they didn't allege an oral contract, they didn't say that Mr. Kinney said this or that, and they didn't put that written contract in. The court said, Tom Pluritt, you could have asked for that. It's not our job to ask for that at the trial. We had filed a motion to dismiss based on the fact that we'd never been provided it. The first we learned about this written contract was at the trial. Then the court suggested, you could have asked for it at trial. The court said... Did your client receive a bill? Yes. Did he make payments on the bill? He made payments to an organization called Carl Hospital. We've got Carl Hospital, we've got Carl Clinic Association, and then you've got Carl Therapy, but he was making payments to Carl. There's no debate that he paid for the hospital services. We're talking about the physician services, which is Carl Clinic Association. There's no debate that he made payments to Carl for his hospital services, but you've got to not confuse that. Didn't he get a bill for the whole amount? Well, he got several bills. And he made payments on those bills? Well, he made payments. There's no dispute that he made payments to Carl Foundation Hospital for the hospital services. You have to understand there's two organizations. There's Carl Clinic Association, the medical group. Now, Carl also got paid. Carl built Blue Cross, and there's plenty of testimony in the record that they got paid for those services. And Carl Foundation Hospital got paid. And he made some payments to Carl Foundation Hospital. So is the question here whether there was a contract, or is the question whether the contract has been satisfied by the payments? Well, I think the first question is, is there a contract? That's where you have to start. Why was he making the payments if there was not a contract? To Carl Foundation Hospital? Yeah. Well, because the hospital, I believe, he received services from the hospital. Doesn't that show there's a contract? Between him and the hospital? Or are you talking now about the Carl Clinic Medical Group? Because they're separate. So those payments he made were for physician services? They were only for the hospital? I don't have an answer for that because I don't have the checks or anything here. But very clearly, there were actually three separate providers. You had Carl Clinic Association. And then you had Carl Foundation Hospital. But bills went in to him jointly. And he made $400 in payments or something. I think. I'm off the top of my head. But none of that was part of the record. That wasn't in the record. But we get back to the contract. This is a contract case. And if, as the court said, if, as the trial attorney said, there is a written signed agreement, the first place to start is let's see it. Because we asked for it. We filed a motion to strike it because Count 3 of the complaint didn't have it attached. We never saw it. And it was not part of the record. So then we say, at trial, we learn of it. And then the judge is critical and said, well, you could have asked at trial. It's not my job as a defense attorney. It's their job, if it exists, to bring it forth. And so here he agrees. Why do we care? Isn't the question whether there's a contract? And you just told me there is a contract. I don't know that there is. What I know is they allege that there was a written contract. I've never seen it. Never once. And why do we care? Because it's a $22,000 claim, and they have said, you signed a contract. I keep looking for what it is you're trying to tell me here. You know, I asked you if you were complaining about the assignment of the account, and you told me no. And then you later told me, oh, yeah, that's our second argument. That's not our primary argument. And then I asked you if there was a contract, and you said no. And then I asked you about the payments. The fact that your client received bills and was making payments on the bills. And then it seemed to me you said there was a contract, but it wasn't with Carl Clinic. It was with Carl Foundation. It just seems to me I'm having a hard time figuring out what it is you're trying to tell me here. Well, there's two arguments. The first one, Your Honor, is clearly we don't think the assignment from Carl Clinic Association to H&R Counts is valid. That's an assignment agreement, and we think that's invalid. But that is a separate issue than the main crux to this case is that they have alleged, this is a contract case between Carl Clinic and McKinney, and that they've alleged there's a written signed contract. And we have said, if there is, show it to us. So if we just change the order and strike out written and just say there's a contract between your client and Carl Clinic, the matter is resolved. Well, the first thing I'd say is, okay, if it's not a written contract, then they started talking about an oral contract, and I would ask, well, then, what were the oral terms of the contract? Really, what were the terms of the contract, whether it's written or oral? And that is nowhere in the record. Nowhere. I'm trying to understand. If I'm carried into the hospital on a stretcher, you're saying I have to sign some sort of a document before the doctor starts treating me? No, there will be an assignment because every single case that I know of, there is a signature, it's called, Your Honor, a patient financial responsibility, and everybody signs one. You can't get treatment unless you sign it. And it also has an obligation to pay. And the terms of the agreement between you and the health care provider are outlined in that. And so my argument is, that's what I need to see. Now, we've asked for it, and we never saw it, and it wasn't attached to the complaint. Now, there's been reference to it. And they said they had it at the trial. It's in the transcript, but it was never shown. And the court says, I think there's a contract. Well, then my next question is, if that's true, what were the terms of the contract? If anybody else has any questions, otherwise I'm done. Thank you. Okay, thank you. You'll have rebuttal. Mr. Hayden. I guess I'll start with where the contract is and what the terms would be, because that seems to be the biggest holdup. Basically, as the panel has alluded to, there was no question in the record that Mr. McKinney presented himself to Carl Clinic Foundation for services. Services provided, there was a lengthy time frame that Mr. McKinney would come in and out of the hospital, or in and out of the clinic, excuse me, for services. I'd like to direct your attention to a case I didn't cite in my brief, but I later came across it working on something else. It's Victory Memorial Hospital versus Rice. It's 493 Northeast 2nd, 117. In that case, it says, in Illinois, however, where there is a contract, express or implied, under which one party supplies articles or services to another, and there is no provision setting out the amount the supplier is to be compensated, the law implies there is an agreement to pay a reasonable price for the goods and services. In the record at the trial court, it was introduced into evidence billing statements. Did Mr. Purr notice that you were going to be citing an additional case? I did not. Okay. If he wants to respond to it, then subsequent to oral argument, I think that we wouldn't need to allow that. But anyway, go ahead. Anyway, based on Illinois law, the terms set forth in this would be a reasonable amount for the services provided. Generally speaking, when a person- Well, his argument is, you alleged a written contract, and he's never seen it. Now, is that accurate? I believe that's not accurate, Your Honor. It is inaccurate? I believe that's inaccurate. I believe in the arbitration complaint that we filed, paragraph 3, it says, that the insistence and request of defendant, plaintiff providing medical, surgical, and hospital services to the defendant, never once says that there was a written contract. It was never alleged in our complaint that there was a written contract. I believe it was brought up somewhere at the trial court. I wasn't the one that tried the case. I've just read the record. And furthermore, the judge at the trial court ruled, stating to the effect that really what this case boils down to was an ongoing series type of oral contracts that when one party presented to the clinic and the clinic provided services, that would be the contract itself. The judge there did not rule that it was a written contract that she was making a ruling on. It was based on circumstances and evidence presented at trial. One- I know in a way, contracts can be expressed or implied. There's two types of implied contracts that I believe relate directly to this. One's an implied in fact contract, the heavy case which was cited, says that this type of contract arises when a promissory expression is inferred from the circumstantial evidence of an intent to be bound. The circumstantial evidence of a person presenting themselves to a hospital or clinic for medical services, the promissory expression is that there would be a payment made in some fashion for the services that were rendered as a result of that date presented to the hospital, clinic, association. The other implied type of contract that there is, which I believe these were one of the two is where the judge made the ruling, is that it's implied in law. Basically this is unjust enrichment. This is a situation where one party benefits by the acts of another party and the other party was not enriched equally as a result of the conduct. Both of those- Wouldn't it also be quantum merit? It could be, yes. But I believe if any of the implied theories of contract liability exist, quantum merit cannot be used. So you're saying this is both an implied in fact contract and an implied in law contract. I believe it could come down either way. Based on the evidence that was presented, the testimony, or how the law wants to imply- Basically implied in law is a way to make it equitable. So I believe it's an implied in fact contract based on the conduct of the parties. One party presenting to the clinic to obtain medical services and the other party providing medical services to the best of their abilities. Subsequently discharging the patient and later billing. It's in the record that there was multiple bills sent out, multiple bills received by Mr. McKinney, and later no payments made. I believe that was testified to by the defendant himself at the trial. Counsel argued that those payments were not for physician services. I'm not sure he explicitly said that, but questioned whether they were for physician services or for hospital services. Correct. And I believe there was some confusion. I myself am not a thousand percent clear on this, but the Carle Clinic Association merged into- after all the dates of services here were rendered, I believe in 2010, the Carle Clinic Association merged into Carle Foundation Hospital. All I know is the bills that were admitted into evidence were from the clinic association at the time that the services were provided. There was testimony in the record from one of the witnesses, the plaintiff, I believe upon cross-examination by the defendant, that there was insurance. One point bill, I don't know where the insurance was applied, whether it was or was not. It's not the hospital's responsibility to track down why insurance was or wasn't applied. It's the defendant's. It's always the patient's responsibility to make sure insurance pays for services. If you send out a bill and you receive part payment, it's not your responsibility to acknowledge that part payment? I believe everything that was received was reflected. The only billing statements that were received were all the charges that were unaccounted for. The billing statement that was admitted into evidence at the trial court is a list of all of the bills that no payment had been made on and received by Carle Clinic Association. That's my understanding of how that billing statement works. And through my dealings with Carle, that's how. I thought you just said it was not Carle's duty to account for the insurance payments. I do not know if insurance was accepted and paid out by the patient's provider. If it would have been paid out, it would have been reflected in the billing statement. It lends me to believe that it was not paid out onto these outstanding debts from the provider. As far as I can understand, based on the billing statement from Carle Clinic. The other point I'd like to touch upon, because it was raised today, would be standing to bring this lawsuit in the name of H&R Accounts. H&R Accounts, I'm their in-house attorney, and we are a debt collection company licensed under Illinois law under the Collection Agency Act. 225 ILCS. Accounts may be assigned to collection agencies for collection, enabling the collection in the agency's name under the Illinois collection agency statute. Carle Clinic is a professional services corporation which had a delinquent account. Subsequently, this account was assigned to my company. As admitted in the evidence at the trial court, the collection auditor who would be an ancillary employee of Carle Clinic Association was the one that made the assignment. There's nothing in the act that precludes an employee of the company under direction from supervisors from assigning this account. Ancillary personnel are basically those types of personnel who are not licensed to perform the services for which the corporation is licensed to do. Basically, in this case, it was a medical services provider. So, ancillary employees are basically the ones that aren't the doctors, not the ones providing the medical services. They basically run the day-to-day office work within the corporation itself. The employee, Jodi Gaskin, who made the assignment, which was admitted in evidence, she wasn't partaking in the ownership, management, and control of the clinic. She was merely exercising what her employee duties were. And her employee duties as a collection auditor would be to check on the accounts that are outstanding and hope to get the clinic paid for the services rendered. Based on the assignment, H&R accounts would have standing to bring this suit in its name, which we did. If there are no other questions, that's all I would like to discuss today. Seeing none, thank you. Rebuttal, please. Just a couple of brief comments. It was talk about implied in fact, implied in law. That argument was never made at all, either in the initial complaint that has surfaced now, but I think the case law is pretty clear that if there is a written contract, then this theory of implied in law doesn't exist. Meaning, if you have a signed contract, you've got to go to that agreement. And as plaintiff's counsel said at the trial, this is on page 38, there's been testimony there's a signed agreement. And the court said, in reference to me, he did not ask to see it, and she says she has it. It's here. It wasn't part of anything she provided to Mr. Hill prior to, but she did have authorization for a copy of the authorization signed by Mr. McKinney authorizing Carl to bill his hospital or his services to the insurance provider. That's what the court said. Now, except it wasn't part of the record, and the court never saw it. And with regards to, there was a comment about patient responsibility to pay the bill. Every patient in the country that goes in, and certainly in this state, they've got to sign informed consent. There's no question that that was signed. We just have never seen it. With regards to quantum merude or even implied in fact, they never said that. I think I'll conclude with, in plaintiff's appellee's brief, they properly point out the case law under DeHeer-Liss v. Friedman. Among other things, plaintiff must establish definite and certain terms of the contract. And I just said, what are the terms of the contract? If there is a signed contract or if there is a oral contract, what are the terms? Thank you. Counsel, before you conclude, he did cite a case that had not been cited in his brief. I have no knowledge about that. If the court would allow, I'd like a chance to look at that and, if necessary, provide a one-page argument in response to that within seven days. Counsel, do you have any problem with that? Thank you. Thanks to both of you. The case is submitted and the court stands in recess.